UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PATRICK MENDEZ,
*on behalf of himself and all other employees similarly situated*,

                      *Plaintiffs*,

v.

THE RADEC CORPORATION,
MARK SHORTINO *and*
RAYMOND SHORTINO,

                      *Defendants*.

Civil Action

No. 03-CV-6342L(F)

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR APPROVAL OF NOTICE

THOMAS & SOLOMON LLP
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, NY 14607
(585) 272-0540

Of Counsel:   J. Nelson Thomas
                    Michael J. Lingle

## PRELIMINARY STATEMENT

Plaintiffs submit this memorandum of law in support of their motion for approval of their proposed notice to be sent to employees affected by the pendency of this class action certified pursuant to the Federal Rule of Civil Procedure 23 ("Rule 23"). As set forth below, plaintiffs' proposed notice should be adopted by the Court because it is modeled heavily on the examples provided by the Federal Judicial Center ("FJC"), which are recognized as the gold standard for notice in class actions. Further, the information provided in plaintiffs' notice will enable putative class members to make an informed decision about whether to continue participation in this class action.

## FACTS

Plaintiffs filed this action against the Radec Corporation, and the other defendants (the "defendants") as a collective action under the FLSA, 29 U.S.C. § 216(b), and as a class action for violations of New York Labor Law, arising from defendants' illegal pay practices.

*Procedural History*

On February 26, 2004, this Court granted plaintiffs' motion for notice to affected employees by conditionally certifying a collective action under the FLSA and authorizing notice of this lawsuit to all potential class members. *See* Docket No. 45.

On November 22, 2005, this Court granted plaintiffs' motion for class certification of the New York Labor Law claims under Rule 23, denied defendants' motion to "decertify" plaintiffs' FLSA collective action, and granted in part and denied in part plaintiffs' motion for summary judgment. *See* Docket No. 195.

In response, defendants filed a motion for reconsideration of this Court's November 2005 decision, or in the alternative, certification for an interlocutory appeal. Defendants' motion was denied in January of 2006. Defendants subsequently filed a motion to decertify plaintiffs' Rule 23 class action, pursuant to Rule 23(c)(1)(C).

On August 20, 2009, this Court denied defendants' motion to decertify the Rule 23 class, and directed plaintiffs to file the present motion for approval of notice.

*Classes Certified*

In this Court's November 22, 2005 decision granting Rule 23 class certification, four subclasses were certified. *See* Docket No. 195. In particular, the Court certified the following classes:

- Subclass 2A: Hourly employees who were not paid wages for regular or overtime work;

- Subclass 2B: Hourly employees who were not paid for compensable travel time;

- Subclass 2C: Hourly employees who allege that defendants failed to include promised per-hour pay increases in calculating their regular or overtime rate of pay; and

- Subclass 2D: Hourly employees who allege that defendants failed to include daily bonuses in calculating their regular or overtime rate of pay.

*Conclusion*

Because plaintiffs' form of notice is consistent with the FJC model and will enable putative class members to make an informed decision about whether to participate in this class action, this Court should approve plaintiffs' proposed notice. *See* Affirmation of Michael J. Lingle, sworn to September 9, 2009 ("Lingle Aff."), Exhibit A.

**ARGUMENT**

**I.  PLAINTIFFS' PROPOSED NOTICE FOLLOWS THE GOLD STANDARD FOR NOTICE IN CLASS ACTIONS.**

Plaintiffs' counsel modeled their proposed notice heavily on the examples provided on the FJC's website, found at http://www.fjc.gov/public/home.nsf.  The FJC's illustrative notices are the recognized leading models for notice in class actions – the gold standard.  *See Pierce v. Novastar Mortgage, Inc.,* No. C 05-5835 RJB, 2007 WL 505670, at *3 (W.D. Wash. Feb. 12, 2007); *Bafus v. Aspen Realty, Inc.*, No. CV-04-121-S-BLW, 2007 WL 793633 (D. Idaho Mar. 14, 2007); *Grider v. Keystone Health Plan Cent., Inc.*, No. 2001-CV-05641, 2006 WL 3825178 (E.D. Pa. Dec. 20, 2006); *In re Educ. Testing Serv. Praxis Principles of Learning & Teaching: Grades 7-12 Litig.*, 447 F.Supp.2d 612 (E.D. La. 2006); *Rivera-Feliciano, et al. v. Acevedo-Villa*, No. Civ. 05-1910(PG), 2005 WL 2170881 (D.P.R. Sept. 7, 2005); *Martsolf v. JBC Legal Group, P.C.*, No. Civ. A. 1:04-CV-1346, 2005 WL 331544 (M.D. Pa. Feb. 7, 2005); *In re Serzone Products Liability Litig.*, 231 F.R.D. 221 (S.D.W. Va. 2005); *Varacallo v. Mass. Mut. Life Ins. Co.,* 226 F.R.D. 207 (D.N.J. 2005); *In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F.Supp.2d 180 (S.D.N.Y. 2003); *Allstate Fin. Corp. v. Bristol Meyers Squibb Co.*, No. 96 Civ. 1785(LMM), 1997 WL 728237 (S.D.N.Y. Nov. 20, 1997).

The FJC is the education and research agency for the federal courts which was established by Congress in 1967, on the recommendation of the Judicial Conference of the United States.  (Lingle Aff., Exhibit B.)  The FJC was requested to develop illustrative notices of proposed class action certifications and settlements by the Subcommittee on Class Actions of the U.S. Judicial Branch's Advisory Committee on the Federal Rules.

In order to develop its illustrative notices, the FJC engaged in a careful study of the use of plain language in legal documents. (Lingle Aff., Exhibit B.) They "tested several notices from recently closed class actions by presenting them to nonlawyers, asking them to point out any unclear terms, and testing their comprehension of various subjects." (Lingle Aff., Exhibit B.) The FJC's focus group experience told them that "attorneys and judges can significantly improve class members' motivation to read and comprehend class action notices by changing the language, organizational structure, format, and presentation of the notice." (Thomas Aff., Exhibit B.) After obtaining recommendations from a lawyer with a Ph.D. in linguistics and using multiple rounds of focus groups, testing and re-drafting, the FJC finally posted, and re-posted its illustrative notices for use by courts and attorneys. (Lingle Aff., Exhibits B and C.)

Plaintiffs' notice follows the content and form of the FJC models, including an introductory page that quickly informs class members about the case and how they are affected and detailed information separated by headings. (Lingle Aff., Exhibits A and C.) Overall, plaintiffs' proposed notice is easy to read and written in plain English, informing class members of their rights and how they can elect to be removed from the action. The notice also describes the legal effect of remaining in the suit; describes the legal effect of not participating in the suit; and accurately states the prohibition against retaliation or discrimination for participation in a class action. *See* McKinney's Labor Law § 215 (anti-retaliation provision). In comparing the proposed notice to the FJC model, it is clear that the format and much of the content used in plaintiffs' proposed notice was based on the research

conducted by the FJC, including the use of a summary chart for important information and question-and-answer format. (Lingle Aff., Exhibits A and C.)

Because plaintiffs' proposed notice was modeled heavily on the examples provided by the FJC, this Court should approve plaintiffs' form of notice.

## II. PLAINTIFFS' PROPOSED NOTICE WILL ALLOW AFFECTED EMPLOYEES TO MAKE INFORMED DECISIONS ABOUT WHETHER TO PARTICIPATE.

In addition to following the FJC model, plaintiffs' proposed notice also meets the requirements of Rule 23. Pursuant to Rule 23(c)(2)(B), notice to all class members must "clearly and concisely state in plain, easily understood language" the facts and circumstances of the lawsuit, in order to allow the class member to make an informed decision whether or not to withdraw from the action. The facts and circumstances of the lawsuit include: (1) the nature of the action; (2) the definition of the class certified; (3) the class claims, issues, or defenses; (4) that a class member may enter an appearance through an attorney if the member so desires; (5) that the court will exclude from the class any member who requests exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment on members under Rule 23(c)(3). *See* Rule 23(c)(2)(B)(i)-(vii). Plaintiffs' notice addresses each of these topics.

### A. The Nature of the Action is Accurately Described

In the "Basic Information" section, the notice explains why the class member received the notice and why the lawsuit is a class action. (Lingle Aff., Exhibit A) The notice describes the parties to the litigation, and the process of a class action, in neutral and non-confusing language that the average absent class member will be able to understand. *See In Re Nissan*

*Motor Corp. Anti-Trust Litig.,* 552 F.2d 1088, 1104 (5th Cir. 1977)(internal citations omitted).

### B. The Classes Certified are Accurately Defined

As mandated by Rule 23(c)(2)(B)(ii), plaintiffs' proposed notice accurately defines the class that has been certified. (Lingle Aff., Exhibit A) The "Who Is in the Class" section accurately defines each subclass that has been certified in this action, as follows:

- Employees who were not paid wages for regular or overtime work.
- Employees who were not paid for compensable travel time.
- Employees who did not have their promised per-hour pay increases included in the calculation of their regular or overtime pay.
- Employees who did not have their daily bonuses included in the calculation of their regular or overtime pay.

(Lingle Aff., Exhibit A)

Additionally, the notice informs class members that if they are unsure whether they are included within that definition, they can contact plaintiffs' counsel for help at no cost.

### C. The Class Claims, Issues and Defenses are Accurately Defined

In "The Claims in the Lawsuit" section of plaintiffs' proposed notice, plaintiffs provide the information required by Rule 23(c)(2)(B)(iii). (Lingle Aff., Exhibit A) This section describes the class claims, along with the recovery plaintiffs are seeking. The notice explains that defendants have denied any wrongdoing, and believe that they properly paid employees for all hours worked. The proposed notice accurately informs class members that the Court has already ruled in favor of plaintiffs in regards to compensable travel time, and that damages will be determined in future court proceedings. The notice also makes clear that the Court has not decided whether plaintiffs or defendants are correct regarding plaintiffs' other claims.

### D. Appearance Through an Attorney is Accurately Described

Plaintiffs' proposed notice contains a section identifying the lawyers representing class members. (Lingle Aff., Exhibit A) Plaintiffs' notice also provides recipients with the law firm's website, which will lead them to further information about class counsel, Thomas & Solomon LLP (www.theemploymentattorneys.com). In compliance with Rule 23(c)(2)(B)(iv), the proposed notice also makes class members aware that they may hire an attorney to appear on their behalf in court proceedings.

### E. The Option to be Excluded is Accurately Described

Plaintiffs' proposed notice also informs class members of the option to be excluded from the lawsuit. (Lingle Aff., Exhibit A) The notice accurately informs class members that it is their choice whether to remain a class member, and that the Court will honor their decision to be excluded. It also provides the legal effects of choosing to be excluded from the action, including their right to start their own lawsuit against defendants.

### F. The Time and Manner of Requesting Exclusion is Accurately Described

Additionally, the proposed notice advises class members that the decision to withdraw from the lawsuit is one that should be made immediately, providing the deadline in which to opt-out. (Lingle Aff., Exhibit A) The notice clearly describes the necessary steps to be taken to be excluded from the action with directions that are simple and easy to understand. Specifically, the proposed notice directs those class members wishing to withdraw from the lawsuit to send the request, in writing, to class counsel by the deadline. Plaintiffs propose that the deadline to submit exclusion letters be set at 30 days from the date of mailing.

### G. The Binding Effect of a Class Judgment is Accurately Described

Lastly, the proposed notice makes class members aware that if they choose to remain in the class, they will be bound by the final judgment of the action. (Lingle Aff., Exhibit A) Plaintiffs' notice also informs class members that by doing nothing at all, they will remain in the class and be bound by any judgment, favorable or not, and will be unable to sue defendants as part of any other lawsuit claiming the same legal issues

Because plaintiffs' proposed notice addresses the issues required pursuant to Rule 23(c)(2)(B), this Court should approve plaintiffs' proposed notice.

## CONCLUSION

For the foregoing reasons, this Court should approve the use of plaintiffs' proposed form of notice.

Dated: September 9, 2009

                                            **THOMAS & SOLOMON LLP**

By:    /s/ Michael J. Lingle
           J. Nelson Thomas, Esq.
           Michael J. Lingle, Esq.
           *Attorneys for Plaintiffs*
           693 East Avenue
           Rochester, New York 14607
           Telephone: (585) 272-0540
           nthomas@theemploymentattorneys.com
           mlingle@theemploymentattorneys.com