UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICK MENDEZ,
on behalf of himself and all other employees
similarly situated, et al.,

                                          Plaintiffs,

                                                                                 <u>DECISION AND ORDER</u>

                                                                                   03-CV-6342L

                        v.

THE RADEC CORPORATION, et al.,

                                          Defendants.
_____

## INTRODUCTION

In January 2011, the parties in this action under the Fair Labor Standards Act jointly moved for an order approving their settlement agreement (Dkt. #305). On June 7, 2011, in open court, I granted that motion, and I signed an order to that effect on June 14, 2011 (Dkt. #328). In so doing, the Court also denied without prejudice plaintiffs' motion to reopen discovery (Dkt. #311), by which plaintiffs sought discovery relating to defense counsel's time and billing records, for the purpose of supporting their own request for attorney's fees. The Court denied that motion largely because, at that point, plaintiffs had not actually filed a motion for an award of attorney's fees, so that their request for discovery was premature.

On July 21, 2011, plaintiffs filed a motion for attorney's fees (Dkt. #329). Defendants filed their response on August 29, 2011 (Dkt. #334).

On September 26, 2011, plaintiffs renewed their motion to reopen discovery (Dkt. #338). They again seek to discover defense counsel's billing records, arguing that defendants have rendered those records discoverable by basing their opposition to plaintiffs' fee request in large part on a comparison between the hours spent on this case by plaintiffs' counsel and by defense counsel. In support of their opposition to plaintiffs' fee request, however, defendants have only submitted a summary of defense counsel's billing records, which indicates the total hours billed and fees paid, but which does not break those hours or fees down into particular categories concerning the type of work involved, the hourly rates charged, or any other parameters. Plaintiffs contend that more detailed records will better enable them to frame a response to defendants' arguments, and the Court to assess the merits of those arguments.

Defendants again oppose the request to reopen discovery. Defendants contend that to the extent that their papers in opposition to plaintiffs' fee request reference their own attorney's fees, they only cite the *total* hours and fees incurred by defendants and defense counsel, not the time spent on any particular tasks. Therefore, they contend, detailed time and billing records of defense counsel are not necessary to evaluate the reasonableness of plaintiffs' fee request.

**DISCUSSION**

A review of the case law reveals that there is no clear-cut rule concerning whether an opponent's billing records are discoverable on a motion for attorney's fees. Cases can be found

ruling both ways on that issue. *See*, *e.g.*, *Clawson v. Mountain Coal Co., LLC.*, No. ___, 2007 WL 2175154, at *1 (D.Colo. July 26, 2007) (finding that opposing counsel's billing records "are not sufficiently relevant to allow discovery at this late date"); *Blowers v. Lawyers Coop. Publishing Co.*, 526 F.Supp. 1324, 1327 (W.D.N.Y. 1981) (allowing discovery by plaintiff regarding the "amount of time spent by defendant's attorneys in the case and the amount of costs and disbursements incurred by them," after finding that this information "may have significant bearing" on the reasonableness of amount of time spent and amount of costs and disbursements incurred by plaintiff's attorney); *Pollard v. E.I. DuPont de Nemours & Co.*, No. 95-3010, 2004 WL 784489, at *2-*3 (W.D.Tenn. Feb. 24, 2004) (collecting cases and discussing the "split of authority exists regarding the relevance of the opposing party's billing information").

The general principle underlying these divergent results seems to be that whether such information is discoverable depends on the nature of the objections raised to the fee request. Where the opposing party challenges the reasonableness of the rate or hours charged by the moving party's counsel, courts are more likely to find that evidence of the nonmoving party's counsel's fees are relevant and discoverable. *See State of New York v. Microsoft Corp.*, No. 98–1233, 2003 WL 25152639, at *2 and n.3 (D.D.C. May 12, 2003) (stating that "some of the cases explicitly note that '[w]hether discovery is appropriate depends, in part, on the objections raised by the opponent to the fee petition going to the reasonableness of the fee petition'") (quoting *Murray v. Stucky's Inc.*, 153 F.R.D. 151, 152–53 (N.D.Iowa 1993)) (collecting cases); *see*, *e.g.*, *Pollard*, 2004 WL 784489, at *3 (stating that because "DuPont objected to the excessiveness of the fees requested in the fee petition for the preparation of the fee petition ..., it appears that DuPont's own counsel's time spent in

preparing a response to Pollard's petition for fees would serve as a logical yardstick from which to determine the reasonableness of such time expended by the plaintiff's counsel").

In the case at bar, defendants have not only challenged the reasonableness of the fees sought by plaintiffs, they have also expressly referenced their own fees in support of their arguments. For example, in their memorandum of law, defendants cite the specific fees and costs sought, and hours claimed, by plaintiffs' counsel, and contrast them with those of defense counsel, noting that "Plaintiffs seek almost 3 times as much compensation for prosecuting this action as Radec spent to defend." Dkt. #334 at 6. Later, in discussing plaintiffs' counsel's hourly rates, defendants state that "the rates charged to Radec in this case are instructive." *Id.* at 12. Similarly, defendants state that over a certain period, "Radec was charged only the flat fee of $175,000," whereas "Plaintiffs claim $764,915.00 in fees for the same period ... ." *Id.* at 19.

Thus, defense counsel themselves have put at issue the reasonableness of the hours and rates charged by plaintiffs' attorneys, and have used their own hours and rates as yardsticks by which to assess the reasonableness of those sought by plaintiffs. I therefore find that defense counsel's billing records are relevant and discoverable. *Cf. Marks Constr. Co. v. Huntington Nat'l Bank*, No. 1:05CV73, 2010 WL 1836785, at *7 (N.D.W.Va. May 5, 2010) ("absent an attempt [by defendants] to claim a comparison between what Defendants paid and the claims of Plaintiffs as the basis for challenging the reasonableness of Plaintiffs' claimed fees, there is no relevance shown with respect to the issues of the amount and reasonableness of attorneys fees and costs claimed by Plaintiffs' counsel that justifies the required production of the billing records of [defense counsel]").

Defendants's argument that their detailed billing records are not discoverable because their opposition to plaintiffs' fee request only cited the *total* hours and rates charged to defendants by their attorneys, *see* Def. Mem. of Law (Dkt. #344) at 3, misses the point. In arguing that the hours claimed by plaintiffs' attorneys are unreasonable, defendants *have* focused on specific hours and entries in plaintiffs' counsel's billing records. Defendants have stated, for example, that plaintiffs' request for $15,000 for time spent preparing affidavits in connection with a particular motion is excessive, that one of plaintiffs' attorneys billed 1.5 hours for a hearing that only took a half hour, and that plaintiffs' allocation of 1443.2 hours of work on preparing binders is "outrageous." Dkt. #334 at 17-18. It is precisely because defense counsel then cite only their *total* time spent on the case that renders it difficult to determine whether this is a fair comparison.

I recognize that there may be significant differences in the ways that plaintiffs' counsel and defense counsel litigate a case, and that this could cause a disparity between the two sides' respective hours and hourly rates. Such a disparity would not necessarily mean that one side's fees were necessarily unreasonable or excessive. Such considerations, however, are best taken into account in determining the weight to be given to defense counsel's billing records, and do not render them non-discoverable. *See Serricchio*, 258 F.R.D. at 45 ("the better approach is to permit discovery of an opponent's billing records and then, in comparing the work performed by each side's attorneys, regard differences in the parties' burdens and incentives as relevant to the weight of the records, not whether the records are discoverable"). *See also Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections*, 522 F.3d 182, 184 (2d Cir. 2008) (stating that "in determining what a reasonable, paying client would be willing to pay," a court may consider

"the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics"); *Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566, 1574-75 (11th Cir. 1985) (noting that "the number of hours needed by one side to prepare adequately may differ substantially from that of opposing counsel because the nature of the work on each side may differ dramatically," but holding that it was an abuse of discretion for district court not to allow discovery of defendant's billing records, where defendant had "spiritedly contested Henson's claims at every stage, including the reasonableness of his petition for attorneys' fees").

## CONCLUSION

Plaintiff's motion to reopen discovery (Dkt. #338) is granted. Discovery in this action is hereby reopened for a period of sixty (60) days, commencing on the date of issuance of this Decision and Order, for the limited purposes described in the body of this Decision and Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 17, 2011