```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
PATRICK MENDEZ, on behalf of himself
and all other employees similarly
situated, et al.,

                         Plaintiffs,         03-CV-6342
            v.                              DECISION AND ORDER

THE RADEC CORPORATION, MARK SHORTINO,
AND RAYMOND SHORTINO,

                         Defendants,

_____
```

## INTRODUCTION

Plaintiff, Patrick Mendez, on behalf of himself and all other similarly situated employees ("Plaintiffs"), brought this class and collective action lawsuit pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 216(b), New York Labor Law ("NYLL"), and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") against The Radec Corporation, Mark Shortino and Raymond Shortino (collectively, "Defendants"). The parties settled and on June 14, 2011, the Honorable David G. Larimer issued a final order approving the settlement and dismissing the case with prejudice. (Docket No. 328.) On July 21, 2011, Plaintiffs filed a motion for attorneys' fees and costs, which were to be determined in a proceeding separate from the approval of the settlement. (Docket No. 329.) Following extensive briefing, which included additional discovery,

the motion was transferred to the undersigned for determination. (Docket Nos. 345, 346, 355.)

Defendants contend that Plaintiffs are not entitled to attorneys' fees and that the amount requested for both attorneys' fees and costs is unreasonable. They seek denial of the motion for attorneys' fees or, in the alternative, a reduction in the amount of fees requested by at least 75%. Plaintiffs contend that they are entitled to an award of attorneys' fees and the amount of fees and costs requested is reasonable, considering the length and complexity of the litigation and the expertise they have in representing plaintiffs in class and collective action law suits under state and federal labor laws.

The Court finds that the amount of attorneys' fees and costs requested is unreasonable and awards attorneys' fees and costs, as calculated herein.

## BACKGROUND

Plaintiffs request an award of $1,612,805.42 in attorneys' fees and $108,863.09 in costs, for a total of 1,721,668.51. Although the case has been pending for more than nine years, the parties agreed that any fee request would limited to hours billed through December 27, 2010.

Plaintiffs request payment for 7011 hours of work performed by attorneys and paralegals at the following hourly rates:

    $375 for partners

    $330 for attorneys with 10+ years of experience

    $300 for attorneys with 6-10 years of experience

    $250 for attorneys with 0-5 years of experience

    $120-130 for paralegals

    $75 for contract law students

To simplify matters, as the billing records are extensive and the amount of time spent by each category of individual having worked on this case is not readily apparent, the Court will apply an average billing rate of $230/hour[1] for the purpose of determining what is the reasonable hourly rate. The 7011 hours of work represents the investigation of claims and drafting and filing the complaint; completion of discovery; filing supporting and opposing papers for several motions, including a motion for partial summary judgment, resulting in Plaintiffs being granted summary judgment on two of their claims; trial preparation; and settlement discussions.

    Throughout the course of this litigation, the parties discussed settlement on a number of occasions, both privately and with the assistance of the Court. Based on the parties' submissions in connection with this motion, the Plaintiffs initially demanded a settlement of more than $2 million on August 9, 2004 - representing a compromise of what they valued the case to be, in

---

[1] This number was derived by dividing the amount of fees requested ($1,612,805.42) by the amount of hours spent on the case by all attorneys, paralegals and contract workers (7011 hours).

the $6-10 million dollar range.  Their request was denied on more than one occasion, because Defendants believed that Plaintiffs had overvalued the case by a substantial amount.  At the time of the initial settlement discussions, August 2004, Plaintiffs had incurred approximately $200,000 in attorneys' fees.

The parties continued to disagree on the value of the case. However, as time progressed, the largest impediment to settlement of the case was the amount of attorneys fees requested as part of the settlement. In 2009, Defendants offered $400,000 in settlement, inclusive of costs and attorneys' fees, which was rejected. At the time, Plaintiffs' attorneys fees were alleged to exceed $600,000. Again, in 2010, with the assistance of Magistrate Judge Jonathan W. Feldman, Defendants offered $600,000 in settlement of the case, which was again rejected by plaintiffs' attorneys.

After a trial date was scheduled, Judge Larimer urged the parties to reconsider resolving their differences and suggested several methods of arriving at a settlement, including agreeing to settle the substantive claims while leaving the issue of attorneys' fees for separate determination by the Court.  The parties then settled the Plaintiffs' case for $225,000, leaving the separate issue of attorneys' fees and costs for the Court to determine. Judge Larimer reviewed the settlement agreement, held a preliminary approval hearing and issued a preliminary approval order. Subsequently, Judge Larimer informed the parties that before making

a final determination on the fairness of the settlement, the parties would have to justify the special service award to the named Plaintiff, which he believed was "very high". Judge Larimer then held a fairness hearing pursuant to Rule 23 on June 7, 2011, and issued a final order approving the settlement of the Plaintiffs' claims on June 14, 2011. The order dismissed the Plaintiffs' case with prejudice, but provided that Plaintiffs could file a separate motion for determination of attorneys' fees and costs.

## **DISCUSSION**

1.   Plaintiffs are entitled to an award of attorneys' fees

Both the FLSA and NYLL provide for an award of reasonable attorney's fees and costs in actions for unpaid wages. 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198, 681.  The FLSA states, "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). The NYLL also provides, "In any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow...all reasonable attorney's fees." N.Y. Labor Law §198 1-a (emphasis added).

The parties disagree whether the FLSA requires a plaintiff to be a "prevailing party" for the Court to award attorneys' fees and

whether Plaintiffs have met the prevailing party standards. The Court need not determine whether the FLSA requires a plaintiff to be a prevailing party,[2] because the Plaintiffs were successful in obtaining a judicially approved settlement of their claims from the Defendants, albeit in the amount of $225,000, with the assistance of the Court. Therefore, having prevailed, Plaintiffs are entitled to an award of reasonable attorneys' fees.

In <u>Buckhannon Board & Care Home v. West Virginia Department of Health & Human Resources</u>, 532 U.S. 598, 604-5 (2001), the Supreme Court held that prevailing party status requires a "material alteration of the legal relationship of the parties" and "the necessary judicial *imprimatur* on the change." Defendants argue that the settlement in this case lacks the requisite judicial imprimatur. This Court disagrees.

First, Plaintiffs were granted partial summary judgement on the issue of liability on two of their claims. (Docket No. 195.) Defendants, however, contend that the jury could have found that they were not liable on one of those claims, and the judgment was never entered because the parties settled before the trial took place.

With respect to the settlement, the Court urged the parties to consider settlement and assisted them by holding settlement

---

[2] The Second Circuit has yet to specifically rule on this issue. See <u>Abrahamson v. Board of Educ. Of Wappingers Falls Cent. School Dist.</u>, 374 F.3d 66, 78 (2d Cir. 2004).

conferences on several occasions. When the trial date was approaching, Judge Larimer specifically suggested several methods of settlement to the parties, one of which was eventually accepted, which provided that the parties settle the substantive claims and leave the issue of attorneys' fees for the Court to determine separately.  Judge Larimer also reviewed the settlement, closely examined the amount of the additional service award to the named Plaintiff, held a hearing for preliminary approval of the settlement and a final fairness hearing, after which he ultimately approved the terms of the settlement, as is required by Rule 23. I find that this is sufficient to establish the requisite judicial imprimatur to confer prevailing party status on the Plaintiffs. See Perez v. Westchester County Dept. of Corrections, 587 F.3d 143, 152-153 *2d Cir. 2009)(Plaintiffs were prevailing parties where the district court judge "played an integral role in the resolution of the suit, he advised the parties on how they should expect the law to come out, he suggested appropriate settlement terms, and he directed counsel to conduct settlement negotiations," and where "the settlement was only made operative by the Court's review and approval.")

Accordingly, I find that Plaintiffs are the prevailing parties in this lawsuit and Plaintiffs are therefore entitled to an award of reasonable attorneys' fees pursuant to the FLSA and the NYLL.

2.  <u>The reasonable amount of attorneys' fees</u>

The Supreme Court and the Second Circuit have held that "the lodestar-the product of a reasonable hourly rate and the reasonable number of hours required by the case-creates a 'presumptively reasonable fee.'" <u>Millea v. Metro-North R.Co.</u>, 658 F.3d 154, 166 (2d Cir. 2011)(citing <u>Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany</u>, 522 F.3d 182, 183 (2d Cir.2008), and <u>Perdue v. Kenny A. ex rel. Winn</u>, --- U.S. ----, 130 S.Ct. 1662, 1673, 176 L.Ed.2d 494 (2010)). A district court must calculate the lodestar, and, although it is not "conclusive in all circumstances...[it] includes most, if not all of the relevant factors constituting a reasonable attorney's fee." <u>Id</u> (quoting <u>Perdu</u>, 130 S.Ct. At 1673).

The reasonable hourly rate is, generally, the hourly rate employed by attorneys in the district in which the litigation is brought. <u>Simmons v. New York City Transit Authority</u>, 575 F.3d 170, 174 (2009). The hourly rates requested by Plaintiffs' counsel: $375 for partners; $330 for attorneys with 10+ years of experience; $300 for attorneys with 6-10 years of experience; $250 for attorneys with 0-5 years of experience; $120-130 for paralegals; and $75 for contract law students are higher than the rates typically charged in this district. See e.g. <u>Falleson v. Paul T. Freud Corp</u>, 736 F.Supp.2d 673, 675-676 (W.D.N.Y. 2010)(Larimer, J.). The average rate for which work performed by partners,

associates, paralegals and others was billed for this case was $230 per hour.  The Court finds, however, that the reasonable average hourly rate is $200 per hour, as the rates for each category of attorney and staff member, other than the contract law students, would necessarily be reduced to reach the prevailing hourly rates in this district.  Further, the reasonable average hourly rate should reflect the fact that much of the work was performed by associates, paralegals and other staff members who bill time at lower rates.  See id (finding that the reasonable average hourly rate for the same law firm on the same type of case was $215 per hour, but that even that rate was generous to plaintiffs' attorneys).

The Plaintiffs request payment for 7011 hours of work in this case.  However, the Court must exclude requested hours that were not "reasonably expended." Hensley v. Echerhart, 461 U.S. 424, 433-434 (1983).  The party seeking payment of attorneys' fees must use "billing judgment" and exclude from its request any "excessive, redundant or otherwise unnecessary hours". Id.  The Court finds that the Plaintiffs did not use billing judgment in calculating the number of hours reasonably expended for this litigation.  Most significant in this regard is the Plaintiffs' continued refusal to settle the case, where the only impediment to settlement appears to have been the amount of their request for attorneys' fees, which they ultimately left to the Court to determine.  Plaintiffs could

have settled this case much earlier in the lawsuit, incurring significantly less attorneys' fees and costs, except for their insistence on a settlement in the millions of dollars range - well before they had incurred substantial fees. Ultimately, Plaintiffs conceded that their substantive claims were worth far less than they had originally estimated. Unfortunately, this realization came after seven years, during which time Plaintiffs incurred substantial and, in this Courts' view, unnecessary attorneys' fees.³ At the same time, Defendants were forced to incur substantial and unnecessary attorneys' fees defending this action.

The Court also notes that the actual settlement achieved, $225,000, is far less than the amount of attorneys' fees requested in the approximate amount of $1.6 million, and far less than Plaintiffs originally requested to settle their claims.⁴ While

---

³The reasons for the delayed settlement were the initial overvaluation of the substantive claims by Plaintiffs' attorneys and because of the amount of attorneys' fees requested. A letter sent by the Plaintiffs' counsel in 2004 wherein they state: "[When it comes to discussing settlement, we will not accept quibbling from the defendants over attorneys' fees...[t]he failure to settle this case has certainly earned your firm (and eventually my firm) far more in fees than would seem necessary to resolve the matter", highlights the latter. (Docket No. 342-1 at 11.) The Court will not reward Plaintiffs' attorneys for letting issues of attorneys' fees cloud their judgement in doing what was primarily in the best interests of their clients. Although Plaintiffs' attorneys are entitled to be compensated for their services, the Court finds their actions in this regard unreasonable and the hours accrued because of these actions are, as a result, unreasonable. Attorneys are ethically required to place the needs of their clients ahead of their own financial gain. See Matter of Cooperman, 83 N.Y.2d 465 (1994) ("The duty to deal fairly, honestly and with undivided loyalty superimposes onto the attorney-client relationship a set of special and unique duties, including...honoring the clients' interests over the lawyer's").

⁴The fact that the request for attorneys' fees is approximately seven times the recovery obtained for the Plaintiffs' class is disturbing, but, based on Supreme Court precedent, this fact is

proportionality of settlements to fee requests is not required, the amount of attorneys' fees requested by the Plaintiffs combined with the continued overvaluation of the case on the part of Plaintiffs' attorneys supports the Court's finding that the Plaintiffs incurred excessive and unnecessary hours in their fee request.[5]

The Court also finds that a reduction in the number of hours requested is necessary to account for excessive or redundant time spent on certain tasks.  For example, having several attorneys and/or staff members appear at Court proceedings, billing at attorneys rates for new attorneys to get up to speed on the case by reading the case file, and spending an excessive amount of time on internal meetings.  Plaintiffs' counsel also invariably grouped tasks together, a practice known as "block billing", making it difficult for the Court to ascertain the amount of time each attorney or staff member spent on any particular task.

---

not determinative. See City of Riverside v. Rivera, 477 U.S. 561, 574 (1986) ("The amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded under [fee shifting statutes]. It is, however, only one of many factors that a court should consider in calculating an award of attorney's fees. We reject the proposition that fee awards under [fee shifting statutes] should necessarily be proportionate to the amount of damages a...plaintiff actually recovers.") (deciding the issue of proportionality of attorneys' fees in the civil rights context).

[5]Plaintiffs contend that they exercised billing judgment by excluding hours spent since December 27, 2010.  However, the Court does not find this argument persuasive, as the parties agreed as part of the settlement to include only those hours accumulated to that date in the fee request.  The agreement to exclude such hours from this request does not equate to the use of billing judgment for hours accrued prior to that date, which are properly part of this fee application.

After carefully reviewing the record in this case, as well as the time records submitted by the Plaintiffs, the Court finds that an across-the-board percentage reduction in the number of hours requested is necessary based on Plaintiffs' failure to use billing judgment, the inclusion of redundant and unnecessary hours in their fee application and their excessive use of block billing. See e.g. In re Agent Orange Product Liability Litigation, 818 F.2d 226, 237-238 (2d Cir. 1987)("Moreover, we and other circuits have held that in cases in which substantial numbers of voluminous fee petitions are filed, the district court has the authority to make across-the-board percentage cuts in hours 'as a practical means of trimming fat from a fee application.'").  The Court finds that an approximate 70% across the board reduction in the hours expended is appropriate and that the number of hours reasonably expended in this case is 2100 hours.

In reducing Plaintiffs' request, the Court does not infer that Plaintiffs' counsel were ineffective or incompetent.  It is well known that these attorneys have handled a number of FLSA cases, and with great success.  However, there are limitations, and the Court is the ultimate arbiter of whether the fee request is fair and reasonable under the circumstances of the case.

Therefore, the lodestar calculation is as follows: $200 average hourly rate multiplied by 2100 hours, totaling $420,000 in attorneys' fees.

3.  <u>The reasonable amount of costs</u>

Plaintiffs request $108,863.09 in costs attributable to this litigation. Plaintiffs provide a list of costs, which specifies the date, the amount and a short description of the cost. However, it is simply not possible for the court to determine whether many of the costs are reasonable, as the Plaintiffs have not provided information regarding why many of these costs were necessary or even chargeable to this case. Therefore, the following costs will be disallowed.

Plaintiffs provided payment to The Employment Store, a local staffing and recruiting firm, in the amount of $24,389.24, but it is not clear from the Plaintiffs' submissions why these costs were necessary or why they are not already included in the attorneys' fees calculation, as temporary contract workers are included within that calculation. Further, there is no indication of whether such workers performed tasks for this case or other cases. Plaintiffs have not responded to Defendants' argument that this cost is not recoverable and should be treated as firm overhead. This Court agrees that this cost should be treated as office overhead, or, should have been included in the cost of temporary or contract workers included within the attorneys' fees calculation. Accordingly, the Court will disallow this cost. <u>See</u> <u>LeBlanc-Sternberg v. Fletcher</u>, 143 F.3d 748, 763 (2d Cir. 1998). Also part of the firm's overhead is an $825 payment to a computer service

company, SMP.  This cost has not been explained or connected to this case in any way.

Plaintiffs also incurred approximately $42,000 in copying charges.  This cost is unreasonable given the parties agreement to share certain discovery costs, to scan discovery and to forgo paper exhibit binders.  Plaintiffs' submissions do not indicate what each instance of copying relates to, or why it was necessary for the prosecution of this case.  Plaintiffs also do not attempt to justify the high expense of copying in their moving papers.  Accordingly, the Court will disallow 60% of the copying costs, or $25,200.  See United States v. Merritt Meridian Const. Corp., 95 F.3d 153 (2d Cir. 1996)(copying costs not adequately explained were properly rejected by the district court).

Plaintiffs seek $4,000 for a non-testifying accountant.  This cost is not recoverable under the FLSA. See Uphoff v. Elegant Bath, Ltd., 176 F.3d 399, 411 (7th Cir. 1999)(non-testifying accountant or expert fees not recoverable); see also Merritt Meridian, 95 F.3d at 173 (expert witness fees not recoverable).

Lastly, the Court must disallow costs that are not adequately explained through Plaintiffs' submissions.  Charges for "services provided by an outside vendor[,] Ronald A. Giacobbe" are disallowed because the Plaintiffs do not explain who Ronald A. Giacobbe is, why he was engaged to provide services for this case, or how this

is a recoverable expense. Therefore, $655.75 paid for services provided by Ronald A. Giacobbe will not be allowed.

The Court, therefore, will disallow $55,069.99 of Plaintiffs requested costs. Plaintiffs are awarded reasonable costs in the amount of $53,793.10.

## **CONCLUSION**

For the reasons set forth herein, Plaintiffs are awarded reasonable attorneys' fees and costs. Defendants are hereby ordered to pay Plaintiffs $420,000 in attorneys' fees and $53,793.10 in costs, for a total of $473,793.10.

**ALL OF THE ABOVE IS SO ORDERED.**

S/ MICHAEL A. TELESCA  
HON. MICHAEL A. TELESCA  
United States District Judge

Dated:   Rochester, New York  
         November 1, 2012